**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000218
10-MAY-2011
08:10 AM**

NO. CAAP-10-0000218

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KAILUA 50, LLC, and SARA D. WARREN,
Individually and as the Independent Executor of the
Will and Estate of Pete E. (Myrl) Warren, (Deceased),
Plaintiffs-Appellants,
v.
MOKUPUNI TELEVISION CO., LLC,
MOKUPUNI TELEVISION CO., INC., and
KAILUA TELEVISION, LLC, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1878)


ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiffs-Appellants Kailua 50, LLC (Appellant Kailua 50), and Sara D. Warren (Appellant Warren) have asserted from the Honorable Rom A. Trader's November 17, 2010 "Order Denying Plaintiffs' 'Motion to Reinstate and/or Set Aside Order of Dismissal (Inactivity) Filed September 1, 2010' Filed on October 6, 2010" (the November 17, 2010 order denying the motion to set aside the September 1, 2010

dismissal order) because the circuit court has not yet entered a separate judgment that resolves all claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added).

On February 8, 2011, the record on appeal for Appeal No. CAAP-10-0000218 was filed, at which time the record on appeal did not contain a separate judgment on all claims in the instant case. Although the record on appeal contains the circuit court's September 1, 2010 "Order of Dismissal" due to inactivity, the supreme court has specifically explained that such a dismissal order is not independently appealable because, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

Granted, Appellant Kailua 50 and Appellant Warren are attempting to appeal from the November 17, 2010 order denying the motion to set aside the September 1, 2010 dismissal order, and "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted).

However, in the instant case, the circuit court has not yet entered a "judgment," and "[a] Rule 60(b), HRCP, motion is authorized only in situations involving final judgments." Crown Properties, Inc. v. Financial Security Life Insurance Co., 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985). The Hawai'i Rules of Civil Procedure define the word "judgment" as "a decree and any order from which an appeal lies." HRCP Rule 54(a) (emphasis

added); see also Cho v. State, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007); Tradewinds Hotel, Inc. v. Conchran, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990).

As explained above, the September 1, 2010 dismissal order is not in the nature of a judgment because the September 1, 2010 dismissal order is not an "order from which an appeal lies." HRCP Rule 54(a); see Price v. Obayashi Hawaii Corporation, 81 Hawai'i at 176, 914 P.2d at 1369. The circuit court has not yet reduced the September 1, 2010 dismissal order to a separate judgment pursuant to HRCP Rule 58. Consequently, the subsequent November 17, 2010 order denying the motion to set aside the September 1, 2010 dismissal order is not an appealable post-judgment order, but, instead, it is an interlocutory order that will be eligible for appellate review when and if the circuit court enters an appealable final judgment and a party asserts a timely appeal from that appealable final judgment. Absent a separate, appealable, final judgment, this appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-10-0000218 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 10, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-